IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Richardson,#28507171 | ) | |
| *a/k/a Curtis D. Richardson*, | ) | Civil Action No: 4:16-835-RBH-TER |
| *a/k/a Curtis Dale Richardson*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| Will Duncan, Horry County Policeman, | ) | Report and Recommendation |
| Horry County Policeman (Name Unknown), | ) | |
| Brian Doyle, Doyles Wrecker Service, | ) | |
| Dennis Phelps, Horry County Magistrate, | ) | |
| Kaymani D. West, U.S. Magistrate, | ) | |
| Supervisor of U.S. Marshals (Name | ) | |
| Unknown) of the Florence Division Office, | ) | |
| D.S. Wilkes, Darlington County Detention | ) | |
| Center Medical Staff Supervisor, | ) | |
| William F. Nettles, IV, Assistant Federal | ) | |
| Public Defender, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by Plaintiff Curtis Richardson ("Plaintiff"), a federal prisoner proceeding *pro se*, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light

of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does

not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

### **A. Background**

Plaintiff has filed a lengthy pleading alleging deprivation of property, denial of bond, unlawful transfer, and deliberate indifference against Defendants covering several events which do not arise out of the same incident. First, Plaintiff alleges a claim for selling his 1986 Chevy S10 without permission against Defendants Horry County Policeman of Unknown Name in his individual and official capacities and against Defendant Brian Doyle of Doyles Wrecker Service. Second, he asserts a claim against Defendant Horry County Policeman Will Duncan, in his individual and official capacities for selling his 1997 GMC Safari van without permission while Plaintiff was in custody.

Third, he asserts a claim against Defendant Horry County Magistrate Dennis Phelps for denying him bond. Fourth, he asserts a claim against Defendant United States Magistrate Judge Kaymani D. West for denial of bond on a firearms charge.

Fifth, he asserts a claim against Defendant Supervisor U.S. Marshals (Name Unknown) of the Florence Division for an alleged unlawful transfer on December 2, 2015, from the Horry County Detention Center to the Darlington County Detention Center while his habeas appeal (mailed December 1, 2015) to the Fourth Circuit Court of Appeals from a district court order was pending in violation of F.R.A.P 23. Sixth, he asserts a claim for deliberate indifference against Defendant

D.S. Wilkes for alleged denial of medical treatment while at the Darlington County Detention Center. Plaintiff's seventh claim is against Defendant William F. Nettles, IV, an Assistant Federal Public Defender, for allegedly failing to timely appeal Plaintiff's denial of bond.

Plaintiff seeks damages for the alleged violations of his constitutional rights.

**B. Analysis**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted) A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

<u>1. Brian Doyle of Doyles Wrecker Service</u>

Plaintiff alleges a claim against Defendant Brian Doyle of Doyles Wrecker Service for selling his truck without permission. Mr. Doyle is not a state actor. The Complaint states facts that attempt to allege Mr. Doyle was not acting a an average citizen: the arresting officer called Mr. Doyle; Mr. Doyle was on the list to perform towing for police when instructed and directed by police.

To implicate 42 U.S.C. § 1983, conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To become state action, private action must have

a "sufficiently close nexus" with the state that the private action "may be fairly treated as that of the State itself." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)(internal citation and quotation omitted).

Similar allegations of agency or acting in concert with state actors were present in *Guidetti v. Cnty of Greenville*, 2011 WL 5024287 (D.S.C. Sept. 12, 2011), and a wrecker service defendant was dismissed. The allegations relating to Mr. Doyle's actions and any connection to police is not sufficient to demonstrate close nexus between the alleged actions of a state actor and a non-state actor to convert a private action into state action. The Complaint does not allege state action by Mr. Doyle for § 1983 purposes and Mr. Doyle, as a defendant, is subject to summary dismissal without issuance and service of process.

2. Horry County Policeman of Unknown Name Defendant and Horry County Policeman Will Duncan

Although claims against two defendants, Horry County Policeman of Unknown Name Defendant and Horry County Policeman Will Duncan, arise from two different vehicles, the analysis is the same. Plaintiff alleges each of these defendants sold a vehicle without his permission and without compensation. The Fourth Circuit Court of Appeals has held that there is no § 1983 relief available if state law provides a plaintiff with a viable remedy for the loss of personal property, even if the deprivation of property was caused by a state employee, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986).[1] Here, South Carolina law provides a remedy encompassing loss of property proximately

---

[1] *Yates* has been partially superannuated in cases where plaintiffs allege deprivations of intangible interests. *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990). However, its holding is still binding in cases that involve deprivations of personal property.

5

caused by an employee of the state, a state agency, or a political subdivision of the state while acting in the scope of his or her employment. *See* S.C. Code Ann. § 15-78-10 *et seq.* State courts are available for property claims and the state process is constitutionally adequate. *See Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008). Therefore, Plaintiff fails to state a claim for violation of his constitutional rights based on the alleged deprivation of his property.

As a result, to the extent Plaintiff seeks reimbursement of the value of his two vehicles, this claim should be summarily dismissed without service on defendants, Horry County Policeman of Unknown Name Defendant and Horry County Policeman Will Duncan.

3. Dennis Phelps and Kaymani D. West

Plaintiff has sued Dennis Phelps, a Horry County Magistrate Judge, and Kaymani D. West, a United States Magistrate Judge. Plaintiff claims against these judicial officers based on their respective official participation and resulting judicial rulings made in relation to Plaintiff's court cases are barred by the doctrine of absolute judicial immunity. Judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rule is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir.1972) (citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir.1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Thus, Defendants Dennis Phelps and Kaymani D. West are entitled to summary dismissal from this case.

### 4. William F. Nettles, IV

William F. Nettles, IV is an assistant Federal Public Defender in Florence, South Carolina. An attorney, whether retained, court appointed, or a public defender does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under 42. U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–16 (1981) (public defender); *Georgia v. McCollum*, 505 U.S. 42, 53 (1992) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn. 2–3 (4th Cir.1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) (per curiam) (private attorney). Thus, as an Assistant Federal Public Defender, Defendant William F. Nettles, IV is not amenable to suit under, and is entitled to summary dismissal from this case.

### 5. Supervisor(name unknown) of U.S. Marshals

Plaintiff alleges a claim under Fed R. App. Proc. 23(a). The relevant factual allegations are

as follows: Plaintiff was detained at the Horry County Detention Center with Phillip Thompson as his custodian. He then filed a Petition for Writ of Habeas Corpus on June 28, 2015 (4:15-cv-2638). Plaintiff filed an appeal of his habeas case to the Fourth Circuit on December 1, 2015. Plaintiff was transferred on December 2, 2015, to the Darlington County Detention Center by a U.S. Marshal Supervisor(a defendant in this action).

Fed. R. App. Proc. 23(a) provides:

(a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

The purpose of the rule is to prevent officials from frustrating a prisoner's efforts at obtaining habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which the petition is pending. *Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir.1982), *cert. denied*, 460 U.S. 1042 (1983); *Jago v. U.S. Dist. Ct., N.D. Ohio*, 570 F.2d 618, 626 (6th Cir. 1978). An initial concern with a F.R.A.P. 23 violation is possible divestiture of subject matter jurisdiction from the reviewing court. However, "courts have held that transfers made in violation of the rule do not divest a court reviewing a habeas decision of its jurisdiction, regardless of the petitioner's absence from the territorial jurisdiction of the court." *Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981) (held that a claim for violation of F.R.A.P. 23(a) resulting from a transfer from Florida to Indiana, "while meritorious does not entitle petitioner to relief in the form of habeas corpus") (*citing Cohen v. United States*, 593 F.2d 766, 767 n.2 (6th Cir. 1979); *Hudson v. Hardy*, 424 F.2d 854, 856 n.5 (D.C. Cir.1970); *cf. Ex Parte Endo*, 323 U.S.283, 306-07 (1944)); *see also*

*Ahrens v. Clark*, 335 U.S. 188, 193 (1948).

Even assuming a violation of F.R.A.P. Rule 23(a), a violation is not the end of the inquiry. A violation of Rule 23(a) does not in and of itself create a plausible claim under § 1983. "Relief for violation of this rule, however, may only be obtained after showing the transfer resulted in prejudice to the prosecution of the pending habeas action." *Strachan v. Army Clemency and Parole Bd.*, 151 F.3d 1308, 1312-1313(10th Cir. 1998) (*citing Shabazz v. Carroll*, 814 F.2d 1321, 1324 (9th Cir.1987), vacated in part on other grounds, 833 F.2d 149 (9th Cir.1987), *cert. denied*, 487 U.S. 1207 (1988); *Hammer v. Meachum*, 691 F.2d 958, 961 (10th Cir.1982), *cert. denied*, 460 U.S. 1042 (1983); *Goodman v. Keohane*, 663 F.2d 1044, 1047–48 (11th Cir.1981); *cf. Schultz v. United States*, 373 F.2d 524, 524 (5th Cir.1967)). Plaintiff has not alleged that the transfer in any way prejudiced his habeas action.

Additionally, a review of the habeas petition appeal that was pending at the time of the transfer shows that the Fourth Circuit Court of Appeals, in a per curiam opinion on March 2, 2016, found no reversible error and affirmed based on the district court opinion that denied relief. Because the Fourth Circuit still retained jurisdiction despite the transfer and the Plaintiff was not entitled to relief in his habeas proceedings, Plaintiff can demonstrate no prejudice and states no plausible claim subject to § 1983 relief. *See Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981); *cf. Shultz v. U.S.*, 373 F.2d 243 (5th Cir. 1967)(where a prisoner had not presented a meritorious habeas claim, a violative transfer from Georgia to Pennsylvania did not prejudice). Additionally, a prejudice showing is more difficult where a habeas petitioner is not transferred out of state. *See Fowler v. Miller-Stout*, 2008 WL 60015 (W.D. Wash. Jan. 3, 2008). Plaintiff fails to allege prejudice. Thus, the Plaintiff states no plausible claim as to Supervisor(name unknown) of U.S. Marshals, and he or

she should be summarily dismissed without issuance and service of process.

Plaintiff provides sufficient factual allegations to withstand summary dismissal against Defendant D.S. Wilkes.

Additionally, on July 20, 2016, Plaintiff filed with this court a pleading entitled "Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel." (ECF No. 16). It appears that he filed the identical motion in six (6) cases he has pending. To the extent that Plaintiff is seeking a preliminary injunction in this case, Plaintiff fails to allege that he meets the four elements under the *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) standard. ("[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.") To the extent that Plaintiff seeks a Motion to Compel, a Motion to Compel is a matter of discovery and served on defendants. Therefore, the Motion (ECF No. 16) should be denied.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the complaint in this case without prejudice. *See Brown v. Briscoe*, 998 F. 2d 201, 202-204 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). As noted above, it is recommended that Defendants Brian Doyle, Horry County Policeman of Unknown Name, Horry County Policeman Will Duncan, Dennis Phelps, Kaymani D. West, William F. Nettles, IV, and Supervisor(name unknown) of U.S. Marshals be summarily dismissed without issuance and

service of process. Additionally, it is recommended that the Motion (ECF No. 16) be denied. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendant, D.S. Wilkes.

August 25, 2016
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Plaintiff's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).