UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Richardson, #28507171 ) <br> a/k/a Curtis D. Richardson, ) <br> a/k/a Curtis Dale Richardson ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> Will Duncan, Horry County Policeman; ) <br> Horry County Policeman (Name Unknown); ) <br> Brian Doyle, Doyle's Wrecker Service; ) <br> Dennis Phelps, Horry County Magistrate; ) <br> Kaymani D. West, U.S. Magistrate; ) <br> Supervisor of U.S. Marshals (Name ) <br> Unknown) of the Florence Division Office; ) <br> D.S. Wilkes, Darlington County Detention ) <br> Center Medical Staff Supervisor; and ) <br> William F. Nettles, IV, Assistant Federal ) <br> Public Defender, ) <br> Defendants. ) <br> _____) | Civil Action No.: 4:16-00835-RBH-TER <br><br> **ORDER** |

Plaintiff Curtis Richardson, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915 alleging a variety of claims including deprivation of property, denial of bond, unlawful transfer to a new facility, untimely filing of a pleading by his court-appointed lawyer, and deliberate indifference to his serious medical needs by a prison official. [ECF #1]. Plaintiff also filed an Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel on July 20, 2016, requesting that this Court compel Irwin County Detention Facility to release court documents he alleges remained at the facility after he was transferred on July 5, 2016. [ECF #16]. This matter is before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Thomas E. Rogers, filed on August 25, 2016. [ECF #26]. This matter was referred to the

1

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). In the R&R, the Magistrate Judge recommends summary dismissal of almost all of Plaintiff's claims within his Complaint, with the exception of his claims against D.S. Wilkes. This matter is now before the Court for review.

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915, claiming a multitude of alleged constitutional violations. He alleges that Defendants Brian Doyle and an unknown Horry County Policeman sold his 1986 Chevy S10 without his permission when he was placed into custody. [ECF #1, p. 4]. He asserts a similar claim against Defendant Will Duncan for selling his 1997 GMC Safari without his permission while he was in custody on a different occasion. [ECF #1, pp. 5-6]. He asserts claims against Magistrate Dennis Phelps and Magistrate Judge Kaymani D. West for denying him bond. [ECF #1, pp. 6-8]. He asserts a claim against an unknown Supervisor for the U.S. Marshals for an alleged unlawful transfer from the Horry County Detention Center to the Darlington County Detention Center on December 2, 2015 while he had a habeas appeal pending. [ECF #1, pp. 8-9]. He asserts a claim against Defendant William F. Nettles, alleging he failed to timely file an appeal for Plaintiff's denial of bond. [ECF #1, p. 11]. Finally, he alleges a deliberate indifference claim against Defendant D.S. Wilkes related to medical issues he experienced while in custody. [ECF #1, pp. 9-11].

On August 25, 2016, Magistrate Judge Thomas E. Rogers issued his Report and Recommendation ("R&R") recommending that Plaintiff's complaint be summarily dismissed, with the exception of his claims against Defendant D.S. Wilkes. On September 16, 2016, Plaintiff filed his objections to the R&R. [ECF #31]. Within this filing, Plaintiff states that he "waives" his claims against Magistrate Phelps, Magistrate Judge West, Supervisor of the U.S. Marshals, and William F.

Nettles. [ECF #31, p. 1]. With respect to the remaining Defendants, Plaintiff argues that the claims against the remaining individuals are all valid and service of process should issue as to the remaining Defendants. [ECF #31].

## Standards of Review

### I. Review of the Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

### I. Claims Against Magistrate Phelps and Magistrate Judge West

The Magistrate Judge recommends summary dismissal as to Plaintiff's claims against Magistrate Phelps and Magistrate Judge West because these claims are barred by the doctrine of judicial immunity. *See McCray v. State of Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (expressing the power of judicial immunity even against allegations of malice or corruption, and explaining that judges must be able to exercise discretion effectively without fear of litigation). Plaintiff does not object to this finding, but rather he states in his pleading that he "waives" his claims against these two individuals. [ECF #31]. Accordingly, to the extent Plaintiff has not effectively withdrawn these claims, this Court need only review the R&R for clear error. *Diamond,* 416 F.3d at 315. Here, this Court agrees with the Magistrate Judge's analysis with respect to the claims made against any alleged denial of bond by either Magistrate Phelps or Magistrate Judge West. Accordingly, this Court finds no clear error in the Magistrate Judge's recommendation of summary dismissal of these claims.

### II. Claims Against Unknown Supervisor of U.S. Marshals

Within the R&R, the Magistrate Judge recommends dismissal of Plaintiff's allegation that the supervisor of the U.S. Marshals unlawfully transferred him in violation of Federal Rule of Appellate Procedure 23(a) while his habeas appeal was pending. While Plaintiff was detained at Horry County Detention Center, he filed an appeal of a habeas petition to the Fourth Circuit on December 1, 2015. The next day, Plaintiff was transferred to Darlington County Detention Center. The Magistrate Judge recommends dismissal of these claims because the case law is clear that a reviewing court is not divested of jurisdiction regardless of the transfer, Plaintiff did not allege that the transfer was prejudicial, as required to state a plausible claim under § 1983, and a review of Plaintiff's habeas appeal

4

reveals that the Fourth Circuit did retain jurisdiction and affirmed the district court's denial of relief. [ECF #26, pp. 8-9]. Plaintiff does not object to this finding, but rather he states in his pleading that he "waives" his claims against the supervisor of the U.S. Marshals. [ECF #31]. Accordingly, to the extent Plaintiff has not effectively withdrawn these claims, this Court need only review the R&R for clear error. *Diamond,* 416 F.3d at 315. Here, this Court agrees with the Magistrate Judge's analysis with respect to the claims made against the supervisor of the U.S. Marshals based on Federal Rule of Appellate Procedure 23(a). Accordingly, this Court finds no clear error in the Magistrate Judge's recommendation of summary dismissal of these claims.

### III. Claims Against William F. Nettles

The Magistrate Judge recommends dismissal of Plaintiff's allegation that Williams F. Nettles, an assistant Federal Public Defender, did not timely file Plaintiff's appeal of the denial of his bond in front of Judge West. The Magistrate Judge recommends dismissal because an attorney, whether retained, court appointed, or a public defender, does not act under the color of state law or federal law for the purposes of 42 U.S. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155-56, nn. 2-3 (4th Cir. 1980) (noting that "[o]ther courts have also held that court-appointed attorneys do not act under color of law."). Plaintiff does not object to this finding, but rather he states in his pleading that he "waives" his claims against William F. Nettles. [ECF #31]. Accordingly, to the extent Plaintiff has not effectively withdrawn these claims, this Court need only review the R&R for clear error. *Diamond,* 416 F.3d at 315. Here, this Court agrees with the Magistrate Judge's analysis with respect to the claims made against William F. Nettles. Accordingly, this Court finds no clear error in the Magistrate Judge's recommendation of summary dismissal of these claims.

**IV. Claims Against Brian Doyle**

The Magistrate Judge recommends dismissal of Plaintiff's allegations against Defendant Brian Doyle because he is not a state actor amenable to suit under 42 U.S.C. § 1983. In his objections, Plaintiff reiterates the same allegations as he does in his Complaint regarding Defendant Doyle; that he was a state actor because he was directed by the police to tow his vehicle. [ECF #31].[1] Defendant Doyle operates a private towing company.

In order to bring a valid action pursuant to § 1983, a plaintiff must establish both (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In order to be considered "state action," the action must have a "sufficiently close nexus" with the state that the private action may be fairly treated as that of the State itself. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The Magistrate Judge determined that Defendant Doyle was not acting in concert with state actors, namely the police, when he towed Plaintiff's vehicle. [ECF #26, p. 5]. This Court agrees with the Magistrate Judge's recommendation that Defendant Doyle be summarily dismissed. Defendant Doyle's company was simply one of many on the towing list to perform towing services when instructed by officers. Accordingly, Plaintiff fails to state a valid claim against Defendant Doyle pursuant to § 1983.

Furthermore, Plaintiff's claims against this Defendant would still fail due to the reasoning set forth below as to Plaintiff having an adequate post deprivation remedy regarding his personal property.

---

[1] He further alleges that in 1990, he filed suit in this circuit in North Carolina based on "identical merits" as this claim. [ECF #31, p. 1]. He alleges that the judge presiding over that case ordered those defendants to file an answer; thus, this lawsuit must also be a properly pled action, and his suit against Brian Doyle should progress forward. This allegation, by itself, is not sufficient to prove that the elements were met in this lawsuit.

*See Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Accordingly, Plaintiff's claims against Defendant Doyle should be summarily dismissed.

### V. Claims against Unknown Horry County Policeman and Horry County Policeman Will Duncan

The Magistrate Judge recommends dismissal of Plaintiff's allegations against Defendants unknown Horry County police officer and Defendant Will Duncan because under § 1983, relief is not available if a state law provides a plaintiff with a viable post deprivation remedy for the loss of personal property, even in cases where that deprivation is caused by a state employee. *See Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Again, Plaintiff's objections reiterate the same allegations as he does in his Complaint regarding these Defendants, namely that these Defendants sold his personal property without his consent. However, he also adds that were he have to file this action in state court, the statute of limitations would run on these claims, because he does not possess the funds to pay the appropriate filing fee.[2]

This Court agrees with the Magistrate Judge that it cannot grant relief to recover the value of his personal property against these Defendants. The Fourth Circuit has held that if state law provides a plaintiff with a viable post deprivation remedy for the loss of personal property, even when that deprivation was caused by an employee of the state, an employee of a state agency, or any employee of a political subdivision of the state, a plaintiff is not entitled to § 1983 relief on the basis of denial of procedural due process. *See Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986). Deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v.*

---

[2]Plaintiff's objection to dismissal because he claims he cannot pay the filing fee in state court does not otherwise preclude the application of the law in this case.

*Williams*, 474 U.S. 327, 328-36 (1986). Plaintiff's claims relating to loss of personal property are cognizable under the South Carolina Tort Claims Act (S.C. Code Ann. § 15-78-10 through § 15-78-220). The Fourth Circuit has found that state courts and the process are a constitutionally adequate means to bring property claims. *Mora v. City of Gaithersburg*, 519 F.3d 216, 231 (4th Cir. 2008).[3] Accordingly, this Court agrees that Plaintiff has not stated a valid claim pursuant to § 1983 against these Defendants, and these claims should be dismissed.

### VI. Claims Against Defendant D.S. Wilkes

Finally, the Magistrate Judge recommends service of process issue as to Defendant D.S. Wilks because Plaintiff provided sufficient factual allegations to withstand summary dismissal. [ECF #26, p. 10]. Within his Complaint, Plaintiff alleges that while in custody he suffered from dental pain, as well as back, head and neck pains. He alleges that he notified prison officials that he had severe tooth pain and requested a tooth removal, and further, that the medical staff determined he needed immediate dental treatment. [ECF #1, p. 9]. He alleges that despite the medical staff reporting these findings to Defendant D.S. Wilkes, he took no action for nearly two months. [ECF #1, p. 10]. Plaintiff alleges that when he was finally seen by a doctor, the doctor informed him that due to the delay, the condition of his tooth declined in that a hole had grown larger in size, subsequently increasing the cost of treatment. [ECF #1, p. 10]. Plaintiff alleges that because the federal government would not pay for the cost of this treatment, he had to undergo a tooth extraction. [ECF #1, p. 10]. He further alleges that Defendant D.S. Wilkes has refused to provide needed treatment for his back, head, and neck pains, nor will Defendant D.S. Wilkes issue any pain medications to Plaintiff for these pains. [ECF #1, p. 10]. Finally, Plaintiff

---

[3] S.C. Code Ann. § 15-78-70 provides that the South Carolina Tort Claims Act is the exclusive remedy for any tort committed by an employee of a governmental entity. Irrespective of the fact that Plaintiff sued these two officers personally, Plaintiff still has an adequate remedy in state court to bring his alleged loss of personal property claim.

alleges Defendant D.S. Wilkes refuses to use the government payment procedure to process his medical bills, and instead is allegedly unlawfully deducting these funds from Plaintiff's inmate account. [ECF #1, p. 10].

A prison official's deliberate indifference to an inmate's seriously medical needs may violate the Eighth Amendment's prohibition against cruel and unusual punishment. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Deliberate indifference claims consist of two components: (1) objectively, the inmate's medical condition must be "serious;" and (2) subjectively, the prison official must "know of and disregard an excessive risk to inmate healthy or safety." *Lightsey*, 775 F.3d at 178. This Court agrees with the Magistrate Judge that Plaintiff has pled sufficient facts to withstand summary dismissal as to his deliberate indifference claim.

### VII. Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel

Finally, Plaintiff filed a pleading entitled Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel on July 20, 2016. [ECF #16]. The Magistrate Judge recommends that this motion be denied for two reasons: (1) Plaintiff has failed to show that he meets the standard set forth in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008) to request injunctive relief; and (2) a motion to compel is a matter of discovery to be served upon served defendants. [ECF #26, p. 10]. Plaintiff does not object to the Magistrate Judge's recommendation as to the denial of his motion. Accordingly, this Court need only review for clear error.

In *Winter*, the Supreme Court stated that a preliminary injunction is an extraordinary remedy, never awarded as of right. *Id.* In order to seek a preliminary injunction, a plaintiff must show that he is (1) likely to succeed on the merits; (2) likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest. *Id.* This

Court agrees with the Magistrate Judge that Plaintiff has wholly failed to meet the standard for seeking such relief. Furthermore, as the Magistrate Judge pointed out, a motion to compel seeks to require a defendant to take some action in the discovery process. Fed. R. Civ. P. 37. Irwin County Detention Center is not a party involved in this particular suit. Here, Plaintiff request that this Court compel Irwin County Detention Facility to release public court documents to him and to conduct an emergency hearing. Further, Plaintiff states that he has filed this same pleading in other courts requesting this same relief. This Court agrees with the Magistrate Judge that this motion is not properly before this Court. Accordingly, this Court denies Plaintiff's Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel. [ECF #16].

**Conclusion**

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint [ECF #1], the Magistrate Judge's Report and Recommendation [ECF #26], Plaintiff's Objection to the Report and Recommendation [ECF #31], and the applicable law. Furthermore, this Court has considered Plaintiff's Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel. [ECF #16]. For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge. [ECF #26]. Accordingly, Plaintiff's Complaint is dismissed without prejudice as to all Defendants except Defendant D.S. Wilkes. This Court agrees with the Magistrate Judge that issuance and service of process should be perfected on Defendant D.S. Wilkes. Furthermore, Plaintiff's Emergency Motion for Mandamus, Preliminary Injunction and/or Motion to Compel [ECF #16] **DENIED**.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE as to Defendants Will Duncan, Unknown Horry County Policeman, Brian Doyle, Dennis Phelps, Kaymani D. West, Supervisor of U.S. Marshals, and William F. Nettles**.

**IT IS SO ORDERED**.

Florence, South Carolina  
October 21, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge