UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS RICHARDSON,<br><br>    Plaintiff,<br><br>-vs-<br><br><br>WILL DUNCAN, Horry County Policeman; HORRY COUNTY POLICEMAN (Name unknown); BRIAN DOYLE, Doyle's Wrecker Service; DENNIS PHELPS, Horry County Magistrate; KAYMANI D. WEST, U.S. Magistrate; SUPERVISOR OF U.S. MARSHALS (Name Unknown) of the Florence Division Office; D.S. WILKES, Darlington County Detention Center Medical Staff Supervisor; and WILLIAM F. NETTLES, IV, Assistant Federal Public Defender;<br><br>    Defendants. | Civil Action No.: 4:16-cv-0835-RBH-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

### I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Presently before the court are Plaintiff's Motion for Default Judgment (Document # 35) and Motion for Entry of Default (Document # 47). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

### II. PROCEDURAL HISTORY

After Plaintiff filed the present action and brought it into proper form as ordered by the court,

-2-

the undersigned entered a Report and Recommendation (Document # 26) recommending that all Defendants except for D.S. Wilkes, Darlington County Detention Center (DCDC) Medical Staff Supervisor, be summarily dismissed, which was subsequently adopted by the district judge. A separate order (Document # 25) was entered, authorizing service of process on Wilkes and directing that service be made by the U.S. Marshal's Service. On September 27, 2016, the summons for Wilkes was returned as executed on September 16, 2016, making Wilkes's answer due no later than October 6, 2016. See USM-285 Returned Executed (Document # 33); Rule 12(a)(1)(A) (allowing defendants twenty-one days from service of a summons and complaint to file an answer). Wilkes has not filed an answer or otherwise appeared in this action, and Plaintiff has moved for an entry of default and default judgment.

### III. DISCUSSION

Federal Rule of Civil Procedure 55(a) states that an entry of default must be made "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). Here Plaintiff attaches to his motion for entry of default a copy of the Process Receipt and Return, which indicates that "Major Wadell Coe" was personally served by a United States Marshal on September 15, 2016. See Summons Returned Executed (Document # 33). However, the Defendant in this action is D.S. Wilkes, not Major Wadell Coe.

Federal Rule of Civil Procedure 4(e) provides that service of an individual may be made pursuant to state law or by either delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who ride there, or delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of

process. Service to an individual who has not been authorized to receive service of process at an individual's place of business does not constitute "delivering a copy of each to an agent authorized by appointment or by law to receive service of process because an agent must be one who is authorized either by appointment or by law to receive service." Tann v. Fisher, 276 F.R.D. 190, 192 (D. Md.), aff'd, 458 F. App'x 268 (4th Cir. 2011) (internal citations omitted). Plaintiff has failed to show that Major Coe was an agent authorized to receive service of process on behalf of Wilkes. As such, the court cannot find that proper service has been made such that an entry of default or default judgment would be appropriate.

However, the court recognizes that, because Plaintiff is proceeding in forma pauperis, he must rely on the United States Marshal's Service to serve his summons and complaint. Thus, it is through no fault of his own that Wilkes has not been properly served. Therefore, although the time for service has run, good cause exists under Rule 4(m) to extend the time for service. The undersigned has directed, by separate order, that the United States Marshal Service serve Wilkes by personal service.

### IV. CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 35) and Motion for Entry of Default (Document # 47) be denied.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 7, 2017
Florence, South Carolina

**The parties are directed to the important information on the following page.**