UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CURTIS RICHARDSON, | Civil Action No.: 4:16-cv-0835-RBH-TER |
| Plaintiff, | |
| -vs- | |
| | **REPORT AND RECOMMENDATION** |
| WILL DUNCAN, Horry County Policeman; HORRY COUNTY POLICEMAN (Name unknown); BRIAN DOYLE, Doyle's Wrecker Service; DENNIS PHELPS, Horry County Magistrate; KAYMANI D. WEST, U.S. Magistrate; SUPERVISOR OF U.S. MARSHALS (Name Unknown) of the Florence Division Office; D.S. WILKES, Darlington County Detention Center Medical Staff Supervisor; and WILLIAM F. NETTLES, IV, Assistant Federal Public Defender; | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Presently before the court is Plaintiff's Motion for Default Judgment (Document # 61). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. This report and recommendation is entered for review by the district judge.

## II. PROCEDURAL HISTORY

After Plaintiff filed the present action and brought it into proper form as ordered by the court, the undersigned entered a Report and Recommendation (Document # 26) recommending that all

Defendants except for D.S. Wilkes, Darlington County Detention Center (DCDC) Medical Staff Supervisor, be summarily dismissed, which was subsequently adopted by the district judge. A separate order (Document # 25) was entered, authorizing service of process on Wilkes and directing that service be made by the U.S. Marshal's Service. On September 27, 2016, the summons for Wilkes was returned as executed on September 16, 2016, making Wilkes's answer due no later than October 6, 2016. See USM-285 Returned Executed (Document # 33); Rule 12(a)(1)(A) (allowing defendants twenty-one days from service of a summons and complaint to file an answer). Wilkes did not file an answer or otherwise appear and, thus, Plaintiff moved for an entry of default and default judgment.

The undersigned entered a Report and Recommendation (Document # 50), which was adopted by the district judge, see Order (Document # 58), recommending that Plaintiff's motions be denied and entered a separate Order (Document # 51) directing that Wilkes be re-served because the party served with the Summons and Complaint was not Wilkes, but Major Wadell Coe, and there was no indication that Coe was authorized to accept service on behalf of Wilkes.

Upon the second order authorizing service upon Wilkes, the Summons was returned executed on March 2, 2017, indicating that the a United States Marshal had personally served "Patricia Ray, Jail Director, Darlington County Sheriff's Office" on February 17, 2017. See Summons Returned Executed (Document # 57). No answer has been filed by Wilkes and Plaintiff has once again moved for default judgment.

III.  DISCUSSION

Present service on Patricia Ray on behalf of D.S. Wilkes suffers from the same infirmity as the original service made on Wadell Coe. Federal Rule of Civil Procedure 55(a) states that an entry of default must be made "[w]hen a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed.R.Civ.P. 55(a). In his Declaration for Entry of Default (Document # 60), Plaintiff notes that the court records show that Wilkes was served on February 17, 2017. However, Federal Rule of Civil Procedure 4(e) provides that service of an individual may be made pursuant to state law or by either delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who ride there, or delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Service to an individual who has not been authorized to receive service of process at an individual's place of business does not constitute "delivering a copy of each to an agent authorized by appointment or by law to receive service of process because an agent must be one who is authorized either by appointment or by law to receive service." Tann v. Fisher, 276 F.R.D. 190, 192 (D. Md.), aff'd, 458 F. App'x 268 (4th Cir. 2011) (internal citations omitted).

In his motion, Plaintiff argues that "service may be made by serving the director," citing Quann v. Whitegate-Edgewater, 112 F.R.D. 649 (D.Md. 1986). Plaintiff's reliance on Quann is misplaced. In Quann the court held that serving an individual defendant by leaving the summons and complaint at his place of business is not proper service, but personally serving the individual defendant at his place of business would be proper. Id. at 655-56. Wilkes was not personally served and Plaintiff has failed to show that Patricia Ray was an agent authorized to receive service of process on behalf of Wilkes, nor was there any indication on the Process Receipt or Return that Major Coe was so authorized. See, e.g. Fed. Deposit Ins. Corp. v. Oaklawn Apartments, 959 F.2d 170, 175 (10th Cir.1992) (stating "[a]n agent's authority to act cannot be established solely from the agent's actions; the authority must be established by an act of the principal); accord United States v.

-3-

Ziegler Bolt & Parts Co., 111 F.3d 878, 882 (Fed. Cir.1997); see also Royal Swan Navigation Co. v. Global Container Lines, Ltd., 868 F.Supp. 599, 602 (S.D.N.Y.1994) ("Physically accepting process for another party does not mean the acceptor was appointed to do so."); 4A Wright & Miller, Federal Practice and Procedure § 1097 (2d ed.1990) (same). Plaintiff also cites to Bethae v. United States, 465 F.Supp.2d 575 (D.S.C. 2006), in which Wilkes was a named defendant, as evidence that "Wilkes is no stranger to defending lawsuits and therefore is very familiar with the courts rules and orders." Pl. Motion 1. However, Bethae does not discuss service. Further, that Wilkes is familiar with the legal process is of no moment if she has never been served with the action and has no knowledge of it.[1] Proper service on Wilkes is still lacking in this case such that an entry of default or default judgment would not be appropriate.

As noted previously, because Plaintiff is proceeding in forma pauperis, he must rely on the United States Marshal's Service to serve his summons and complaint. Thus, it is through no fault of his own that Wilkes has not been properly served. In the second order authorizing service on Wilkes, the undersigned emphasized that the United States Marshal

> **shall personally serve the applicable summons and a copy of the Complaint upon the one Defendant whom service of process has been authorized, D.S. Wilkes, on D.S. Wilkes herself or by "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. See Greene v. Holloway, No. 99-7380, 210 F.3d 361 [Table], 2000 WL 296314, at \*1 (4th Cir. Mar. 22, 2000)(unpublished), citing with approval Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995).**

See Second Order Authorizing Service of Process (Document # 51). The United States Marshal's attempted service did not comply with this directive. Although the time for service has run, good

---

[1]The court is unaware of whether Wilkes has actual knowledge of this action, only that the service that has been attempted thus far has been ineffective.

cause exists under Rule 4(m) to extend the time for service. The undersigned has again directed, by separate order, that the United States Marshal Service serve Wilkes by personal service.

**IV.    CONCLUSION**

For the reasons discussed above, it is recommended that Plaintiff's Motion for Default Judgment (Document # 61) be denied.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 20, 2017
Florence, South Carolina

**The parties are directed to the important information on the following page.**