UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis Richardson, ) | Civil Action No.: 4:16-cv-00835-RBH |
| )  Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| D.S. Wilkes, *Medical Staff Supervisor of* ) | |
| *Darlington County Detention Center*, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Curtis Richardson filed this action pursuant to 42 U.S.C. § 1983 alleging Defendant D.S. Wilkes was deliberately indifferent to his serious medical needs by delaying treatment for dental work while he was in jail. Defendant Wilkes was served with Plaintiff's complaint but has failed to answer or otherwise appear in this case; Plaintiff has filed a motion for default judgment. The matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends granting Plaintiff's motion and entering judgment against the defaulting Defendant Wilkes in the amount of $5,000.[1] *See* ECF No. 91.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge held an evidentiary hearing on Plaintiff's motion for default judgment; Plaintiff attended the hearing but Defendant Wilkes did not. *See* ECF No. 89.

Neither party has filed objections to the R & R, and the time for doing so has expired. In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having reviewed the record for clear error, the Court finds none and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 91].[2] Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment [ECF No. 72] and **DIRECTS** the Clerk to enter judgment against Defendant D.S. Wilkes in the amount of five thousand ($5,000) dollars.[3]

**IT IS SO ORDERED.**

Florence, South Carolina  
February 13, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] The Magistrate Judge explains Plaintiff separately alleges a due process claim regarding the deduction of funds from his inmate trust account at the Darlington County Detention Center ("DCDC"), and concludes this claim fails as a matter of law because the DCDC has a grievance procedure. *See* R & R at pp. 5, 7–9. The Court notes this claim also fails because, under South Carolina law, a plaintiff may institute an action for recovery of personal property against a state official who deprives him of property without state authorization. *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*, which is entitled "Recovery of Personal Property"). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). The Court modifies the R & R to include this additional reason regarding why Plaintiff's due process claim fails.

[3] Plaintiff's subsequently filed motion for default judgment [ECF No. 82] is moot.